Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000681
20-FEB-2015
08:07 AM

NO. CAAP-12-0000681

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEOHOKUI ARNOLD KAUIHANA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CR. NO. 05DTC-11-001470)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Keohokui Arnold Kauihana (**Kauihana**) appeals from the July 5, 2012 Judgment and Notice filed in the District Court of the Fifth Circuit, Lihue Division (District Court),[1] convicting him of Driving Without a License (**DWOL**), in violation of Hawaii Revised Statutes (**HRS**) § 286-102 (2007).[2]

On appeal, Kauihana contends that the District Court erred in convicting him with insufficient evidence of the element that he was not first appropriately examined and duly licensed and that, even if he failed to properly raise the issue before the trial court, this court should notice plain error.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Joe P. Moss presided.

[2] No copy of the judgment appealed was attached to the opening brief, as required by Rule 28(b)(3) of the Hawai'i Rules of Appellate Procedure. Counsel for Kauihana is cautioned that future failure to comply with the rules may result in sanctions.

the arguments advanced and the issues raised by the parties, we resolve Kauihana's points of error as follows:

Kauihana concedes that the State proved that he was driving with an expired license, but argues that insufficient evidence existed of the DWOL element that Kauihana was not first "appropriately examined and duly licensed as a qualified driver of that category of motor vehicles"[3] because the evidence established that he had at one point prior been appropriately examined and duly licensed, and because his license was not invalidated by having been expired for more than a year, as indicated by HRS § 286-107.5 (2007), which provides in part that "[a]ny driver's license not reactivated . . . within one year of the indicated date of expiration shall be invalid." Kauihana misunderstands the applicable statutory requirements.

HRS § 286-102(a) requires that a driver be "first appropriately examined" and also be "duly licensed" at the time he was driving. To interpret the element as Kauihana desires-- simply that he was, at some time in the past appropriately examined and duly licensed and need not have been duly licensed at the time he was cited for DWOL--is an unreasonable interpretation of the statute.

HRS § 286-107.5 (2007), entitled "Reactivation of expired license; fees; road test waived," states:

> (a) Unless revoked or suspended, and except as provided in subsection (b), all drivers' licenses expired under section 286-106 may be reactivated by the licensee in accordance with the requirements and procedures set forth for the renewal of licenses under section 286-107(b). No person seeking reactivation of an expired license under this subsection shall be required to undergo reexamination of the person's driving skills under section 286-108. The examiner of drivers shall require the holder of an expired license to pay a reactivation fee of $5 for each thirty-day period, or fraction thereof, that has elapsed after the ninety-day grace period.

> (b) Any driver's license not reactivated under subsection (a) within one year of the indicated date of expiration shall be invalid. The examiner of drivers shall examine all applicants whose licenses have been declared invalid under this subsection in

---

    [3] See State v. Matautia, 81 Hawai'i 76, 83, 912 P.2d 573, 580 (App. 1996).

accordance with the licensing procedures established under sections 286-108 and 286-110.

Kauihana's license was "expired" and, under HRS § 286-107.5, could have been "reactivated" within one year without a road test.  At the time of the citation, Kauihana's expired license was "not invalid" <u>for reactivation</u> under HRS 286-107.5, but would have become "invalid" <u>for reactivation</u> and <u>for waiver of a road test</u> after the one-year period has passed; however, Kauihana was not "duly licensed" because his license was expired.  We conclude that sufficient evidence existed that Kauihana was not "duly licensed" at the time he was cited.

Therefore, the District Court's July 5, 2012 Judgment and Notice is affirmed.

DATED: Honolulu, Hawai'i, February 20, 2015.

On the briefs:

Daniel Hempey
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauai
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge